PAUL ANTHONY MARTIN
Acting United States Attorney
District of Arizona
MARK J. WENKER
Assistant United States Attorney
Arizona State Bar No 018187
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Mark.Wenker@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>    v.<br><br>Real Property Located at 902 N. Coronado Drive, Gilbert, Arizona 85234, titled in the name of James T. Polzin and Svitlana O. Popsii, APN: 304-98-110,<br><br>        Defendant *In Rem*. | **VERIFIED COMPLAINT FOR FORFEITURE IN REM** |

Plaintiff United States of America brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"):

**NATURE OF THE ACTION**

1. This is a civil action *in rem*, brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C) for the forfeiture of property, real or personal, which constitutes or is derived from proceeds traceable to a violation of a specified unlawful activity, including but not limited to, wire fraud, 18 U.S.C. § 1343.

2. This is a civil action in rem, brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(A) for the forfeiture of property, real or personal, involved in a transaction or attempted transaction in money laundering, 18 U.S.C. §§ 1956 and 1957.

**THE DEFENDANT *IN REM***

3. The defendant real property is located at 902 N. Coronado Drive, Gilbert, Arizona, 85234, titled in the name of James T. Polzin and Svitlana O. Popsii, and more specifically described as Lot 110, Discovery Park at Val Vista Lakes, according to Book 298 of Maps, page 26, records of Maricopa County, Arizona. APN: 304-98-110 (the "defendant property").

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and an action for forfeiture under 28 U.S.C. § 1355(a).

5. Venue and jurisdiction in Arizona are based upon 21 U.S.C. § 881(j), 28 U.S.C. § 1355(b) and § 1395 based upon acts and omissions occurring in the District of Arizona giving rise to this forfeiture action. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345; 1355; and 18 U.S.C. § 981(h), because the defendant property is located in this district.

**FACTS**

*Fraudulent Acts*

6. Between May 2020 through at least July 2020, within the District of Arizona and elsewhere, James Theodore Polzin (Polzin) committed fraud in connection with a major disaster or emergency benefits in violation of 18 U.S.C. § 1040.

7. On March 27, 2020, the U.S. President signed a $2.2 trillion stimulus bill called the the Coronavirus Aid, Relief, and Economic Security (CARES) Act, which was intended to ameliorate the economic impact of the COVID-19 Pandemic. *See* Pub. L. 116-136. Under the provisions of the CARES Act, $2.2 trillion dollars in economic stimulus was passed by the 116th U.S. Congress and signed into law by the President in March 2020 in response to the economic decline caused by the COVID-19 pandemic in the United States.

8. The provisions of the CARES Act, in conjunction with an officially declared disaster by the United States Government, allowed for the Small Business Administration (SBA) to offer Economic Injury Disaster Loan (EIDL) funding to business owners

negatively affected by the COVID-19 pandemic. Using the SBA online portal, EIDL applicants submit personal and business information in support of each EIDL application, and they do not have to submit supporting documentation of any sort.

9. The application includes a jurat-like paragraph where the applicant affirms that the information submitted is true and correct under the penalty of perjury and applicable criminal statutes. The application process involves filling out assorted data fields relating to the size of the affected business entity, the ownership of said business, and other information such as the number of employees and gross business revenues realized in the 12 months prior to the COVID-19 impact on the national economy. This information, submitted by the applicant, is then used by SBA systems to calculate the principal amount of money the small business is eligible to receive in the form of an EIDL. However, in conjunction with the submission of an EIDL application, by simply clicking on and checking a box within the on-line application, an applicant may request and then receive up to $10,000.00 in an EIDL Cash Advance Grant based on the number of employees claimed. The EIDL Cash Advance Grant need not be repaid to the SBA if the loan application is ultimately denied by the SBA, or if the applicant declines the EIDL that may be offered by the SBA at a later date.

10. Pursuant to the provisions governing the EIDL program, loan proceeds must be used by that business on certain permissible expenses. The EIDL (working capital) loans may be used by the afflicted business, which must have existed in an operational condition on February 1, 2020, to pay fixed debts, payroll, accounts payable, and other bills that could have been paid had the COVID-19 disaster not occurred.

11. Polzin's scheme targeted the EIDL program by providing materially false loan applications claiming non-existent employees and revenues for business entities owned and operated by Polzin.

12. Polzin submitted supporting loan documents that contained contradicting information for the same business on each application. These representations were false and fraudulent. Polzin made these misrepresentations with the intent to defraud the United States to obtain proceeds from loans to which he was not entitled.

***Transparen CPAS LLC/Transparen CPAS/Polzin Holdings LLC***

13. Polzin submitted EDIL loan applications from about May 2020 through July 2020, which bore Polzin's signatures. Each application sought an EIDL loan for businesses identified as Transparen CPAS LLC, Transparen CPAS, and Polzin Holdings LLC. Separate loans were filed for Transparen CPAS and Transparen CPAS LLC as the former is Polzin's sole proprietorship and the latter is his LLC. Each application identified Polzin as owning 100% of the business. On each application, Polzin listed his residential address as XXXX S. Val Vista Dr. #218, Mesa, AZ.

14. According to the Arizona Corporation Commission, Transparen CPAS LLC was formed/registered on or about May 22, 2017. In order to support an EIDL in the amount of $150,000 for application 5556727802 utilizing EIN XX-XX19913, Polzin represented that the business, Transparen CPAS LLC, had revenue of $645,000 and nine employees.

15. A review of the Department of Economic Security (DES) payroll records for Transparen CPAS LLC (EIN XX-XX19913) showed no quarterly tax and wage reports for the third and fourth quarters of 2019. The first quarter of 2019 listed two employees, James Polzin and Leonard Pennock, with total wages of $18,450.00. The second quarter listed three employees: James Polzin, Leonard Pennock, and Roxanne Gates. Second quarter wages totaled $21,100.00.

16. In order to support a second EIDL in the amount of $150,000 for application 7800007909 utilizing EIN XX-XX75306, Polzin represented that the business, Transparen CPAS, had revenue of $1,205,401 and 16 employees. In addition, Polzin provided the SBA with an IRS Schedule C (Form 1040 or 1040-SR) which represented Transparen CPAS had wages of $864,000.00.

17. A review of DES payroll records for Polzin's SSN (XXX-X7-5306), which was used as his EIN for Transparen CPAS, showed no additional wages. Further, a review of DES payroll records for Polzin Holdings LLC (EIN XX-XX90157) revealed no records/wages.

18. On or about June 18, 2020, Polzin was approved for an EIDL in the amount of $150,000. On the loan application, Polzin stated that Transparen CPAS, a Sole Proprietorship, utilized EIN XX-XX75306. Polzin's Social Security Number (SSN) is XXX-XX-5306.

19. In addition, Polzin stated that Transparen CPAS had 16 employees and revenues of $1,205,401 for the 12 months prior to January 2020.

20. A query of Polzin'z SSN through the Arizona Department of Economic Security database yielded negative results, indicating that Transparen CPAS utilizing EIN XX-XX:75306 does not have 16 employees as indicated on its EIDL application.

21. According to the Arizona Corporation Commission, Polzin Holdings LLC was formed/registered on or about March 14, 2019. In order to support an EIDL in the amount of $150,000 for application 9193768002 utilizing EIN XX-XX90157, Polzin represented that the business, Polzin Holdings LLC, had revenue of $554,650 and eight employees.

22. A review of DES payroll records for Polzin's SSN (XXX-X7-5306), which was used as his EIN for Transparen CPAS, showed no additional wages. Further, a review of DES payroll records for Polzin Holdings LLC (EIN XX-XX90157) revealed no records/wages.

23. A physical site check of the business address listed for Transparen CPAS and Polzin Holdings LLC, both located at 1 North Macdonald Suite B8, Mesa, AZ 85204, showed a business matching the name Transparen CPAS on the building directory. Access to Transparen CPAS floor and office was inaccessible to the general public and appeared to only be accessible via a keypad or access card.

**Purchase of 902 N. Coronado Drive, Gilbert, Arizona**

24. On or about June 23, 2020, Polzin purchased the defendant property.

25. Polzin opened a BMO Harris Business Advantage Checking Account ending in x1088 on December 17, 2019, in the name of Transparen CPAS LLC. Also, on

December 17, 2019, Polzin opened a BMO Harris Smart Advantage Account ending in x7848 in the name of James Polzin and Svitlana Popsii.

26.  Polzin purchased the defendant property via a $5,000.00 wire from a Bank of America account in the name of James Theodore Polzin and a $388,198.34 wire to Magnus title from his personal BMO Harris bank account ending in x7848 on or about June 23, 2020. The source of the funds was comprised of the following funds:

| Date | Source | Amount |
| --- | --- | --- |
| June 10, 2020 | SBA Loan #1512837909 fbo FOUR CORNERS TAX | $218,962 |
| June 18, 2020 | TRANSPAREN BMO x1088 | $300,000 |
| June 18, 2020 | Unknown | $1,200 |
| Total | | $520,152 |

27.  Prior to the June 10, 2020 deposit, Polzin's BMO Harris account (x7848) showed a balance of $6,692.06.

28.  The source of the funds received from Polzin's Transparen BMO bank account (x1088) were comprised of the following funds:

| Date | Source | Amount |
| --- | --- | --- |
| 04/27/2020 | SBA Loan | $180,095.00 |
| 04/30/2020 | Interest Paid | $0.99 |
| 04/30/2020 | Unknown Capital One Acct | $0.26 |
| 04/30/2020 | Unknown Capital One Acct | $0.11 |
| 05/04/2020 | SBA Loan #7069947 to Transparn | $180,095.00 |
| 05/04/2020 | Unknown Stripe Acct | $226.57 |
| 05/04/2020 | Unknown Bank of America Acct | $0.46 |
| 05/04/2020 | Unknown Bank of America Acct | $0.30 |
| 05/04/2020 | Square | $0.01 |
| 05/05/2020 | Unknown Deposit | $30,000.00 |
| 05/05/2020 | Unknown Stripe Acct | $247.20 |
| 05/06/2020 | Unknown Stripe Acct | $906.60 |
| 05/07/2020 | Lam Building Design LLC Memo: PPP Loan | $16,475.00 |
| 05/12/2020 | Unknown Stripe Acct | $102.82 |
| 05/13/2020 | Unknown Stripe Acct | $82.20 |
| 05/19/2020 | Unknown Stripe Acct | $119.32 |
| 05/20/2020 | Unknown Stripe Acct | $452.85 |
| 05/22/2020 | Unknown Stripe Acct | $494.70 |
| 05/28/2020 | Unknown Stripe Acct | $20.32 |
| 05/29/2020 | Interest Paid | $10.59 |
| 06/01/2020 | Unknown Stripe Acct | $40.95 |
| 06/02/2020 | SBA Loan | $149,900.00 |
| 06/04/2020 | EMG Homes | $20,251.20 |

| | | |
|---|---|---|
| 06/10/2020 | Unknown Deposit | $40,799.00 |
| 06/11/2020 | Unknown Stripe Acct | $824.10 |
| 06/12/2020 | SBA Loan | $9,000.00 |
| 06/16/2020 | Unknown Deposit | $20,627.50 |
| 06/17/2020 | Unknown Stripe Acct | $1,195.95 |
| 06/18/2020 | SBA Lona #7511667 to Polzin Holdings | $221,867.00 |
| 06/18/2020 | Unknown Stripe Acct | $40.95 |
| Total Deposits into TRANSPAREN BMO x1088 for the Period 04/27/2020 – 06/18/2020 | | $873,876.95 |

29. Prior to the above these deposits, Polzin's Transparen BMO account (x1088) had a balance of $80.00.

30. The loan applications signed by Polzin specifically require that the EIDL funds be used for working capital to alleviate economic injury caused by disaster occurring in the months of January 31, 2020, and continuing thereafter and not for the purchase of a private residence or vacation home.

31. Polzin purchased the defendant property with the proceeds of his EIDL fraud as described above.

## FIRST CLAIM FOR RELIEF

The defendant property represents proceeds of, or property traceable to proceeds of, a violation of specified unlawful activity, including but not limited to wire fraud, 18 U.S.C. § 1343, and therefore is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SECOND CLAIM FOR RELIEF

The defendant real property was involved in a transaction or attempted transaction in violation of a money laundering offense, 18 U.S.C. §§ 1956 and 1957, and therefore is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, the United States of America prays that due notice be given to all parties, to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court deems just and proper, together with the costs and

disbursements of this action.

      Respectfully submitted this 22nd day of March 2021.

                                                  PAUL ANTHONY MARTIN
                                                  Acting United States Attorney
                                                  District of Arizona

                                                  *S/ Mark J. Wenker*
                                                  MARK J. WENKER
                                                  Assistant United States Attorney